THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TAISHA M.[1], | : | |
| Plaintiff, | : | Case No. 3:25-cv-380 |
| v. | | Judge Walter H. Rice<br>Mag. Judge Kimberly A. Jolson |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | | |

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #12), AND OVERRULING OBJECTIONS THERETO OF PLAINTIFF, TAISHA M. (DOC. #13); JUDGMENT SHALL ENTER IN FAVOR OF DEFENDANT COMMISSIONER OF SOCIAL SECURITY AND AGAINST PLAINTIFF, AFFIRMING THE DEFENDANT COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT; TERMINATION ENTRY

---

Plaintiff Taisha M. ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner of Social Security ("Commissioner"), denying Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income. On April 23, 2026, Magistrate Judge Kimberly A. Jolson filed a Report and Recommendations (Report, Doc. #12), recommending

1 "The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases[,] federal courts should refer to plaintiffs only by their first names and last initials." S.D. OHIO GEN.R. 22-01.

that the Commissioner's Administrative Law Judge's ("ALJ") decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq*., be affirmed. Based upon reasoning and citations of authority set forth in the Report, a thorough *de novo* review of this Court's file, including the Administrative Record (Doc. #8), and a thorough review of the applicable law, this Court ADOPTS the Report and OVERRULES Plaintiff's Objections (Doc. #13) thereto. The Court, in so doing, affirms the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act.

## I. Legal Standards

Under Rule 72(b), this Court must review *de novo* any timely, specific objection to a report and recommendations. "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED.R.CIV.P. 72(b)(3). In reviewing the Commissioner's decision, the Court's task is to determine if the record as a whole constitutes "substantial evidence" that supports the Commissioner's finding of non-disability. 42 U.S.C. § 405(g). "The threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citations omitted);

*accord*: *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (emphasis added) ("Substantial evidence is more than a scintilla of evidence *but less than a preponderance*[.]").

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's "findings are supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981).

## II. Analysis

In addition to the foregoing, this Court makes the following, non-exclusive, observations:

Plaintiff argues that the Magistrate Judge mischaracterized her argument that "the ALJ failed to adequately explain why he interpreted Dr. [Brian] Griffiths'[,

Psy.D.] opinion as indicative of no more than moderate limitations" as "nothing more than a request to have the Court re-weigh the evidence." (Doc. #13, PAGEID 1866, 1867, citing ALJ Decision Doc. #8-2, PAGEID 72-73). In fact, the ALJ provided specific reasoning as to why Dr. Griffiths's consultative examination supported the moderate limitations set forth in the ALJ's formulation of Plaintiff's residual functional capacity ("RFC"). (Doc. #8-2, PAGEID 63-64, 73). The Magistrate Judge accurately noted that the ALJ "observed that the doctor's opinion was supported both by Plaintiff's mental status examination and her subjective complaints at the evaluation. And [the ALJ] discussed other evidence in the record that was consistent with what Dr. Griffiths's [*sic*] opined. *This type of discussion is what the regulations require.*" (Doc. #12, PAGEID 1861 (emphasis added), citing Doc. #8-2, PAGEID 73). In other words, the ALJ sufficiently explained why Dr. Griffiths's opinion formed some of the basis of the RFC determination, and explained how the opinion contributed to some of the limitations set forth in the RFC. When those criteria are met, as they are here, the Court may not disturb the ALJ's determination.

In light of this sufficient determination, Plaintiff's arguments that the ALJ "improperly downplayed Mason's mood and affect abnormalities," (Doc. #12, PAGEID 1867 (internal quotation marks omitted)), and that Dr. Griffiths's opinion was more consistent with the opinions of Plaintiff's treating sources, rather than

"the limited findings of the state agency psychologists who reviewed a scant record" (*id.*), is, in fact, an attempt to reweigh the evidence, and the Magistrate Judge was correct to decline to do so. Accordingly, Plaintiff's Objections are overruled.

## III. Conclusion

Based on the above, this Court ADOPTS the Report and Recommendations of the Magistrate Judge (Doc. #10) and OVERRULES Plaintiff's Objections thereto. (Doc. #11). Judgment shall enter in favor of the Commissioner and against Plaintiff, affirming the Commissioner's finding that Plaintiff is not disabled and not entitled to benefits under the Act.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

August 13, 2026

Walter H. Rice

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT